# IN THE COURT OF APPEALS OF IOWA

No. 14-2041
Filed October 28, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JESSICA LYNN WILLIAMS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling (plea) and Joel W. Barrows (sentencing), Judges.

Jessica Lynn Williams appeals the judgment entered against her following her plea of guilty to compounding a felony. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Bridget A. Chambers, Assistant Attorneys General, and Michael J. Walton, County Attorney, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Jessica Lynn Williams appeals the judgment entered against her following her plea of guilty to compounding a felony. *See* Iowa Code section 720.1 (2013).[1] Specifically, she argues the court abused its discretion when it denied her request for a deferred judgment. Because the evidence shows the court properly exercised its discretion in imposing judgment and suspending her sentence, we affirm.

## I. Background Facts and Proceedings

The minutes of testimony provide that in December 2013, Williams called the police and reported her boyfriend had shot himself. Williams's boyfriend died. Although the responding officers searched for a handgun, they could not locate one. The officers also "were not able to match [Williams's] statement with the physical evidence originally located on the scene, so they obtained and executed a search warrant" in order to locate the gun. During a police interview that same day, Williams stated she and her boyfriend had purchased the handgun for $350 and they were using it for security. Eventually she told the officers she had taken the gun from her boyfriend after the shooting and hid it in the last drawer of the bedroom dresser because she "feared the revolver could have been stolen or used in another crime." Officers found the gun in that location and later discovered the gun had been stolen in 2005.

---

[1] Iowa Code section 720.1 states:
> A person having knowledge of the commission by another of a felony . . . who receives any consideration for a promise to conceal such crime, or not to prosecute or aid or give evidence to the prosecution of such crime, compounds that felony. Compounding any felony is an aggravated misdemeanor.

In February 2014 Williams was charged with trafficking in stolen weapons. In October the State added a second count, the offense of compounding a felony. The State and Williams reached a plea agreement—Williams agreed to plead guilty to compounding a felony, and in return the State agreed to dismiss the trafficking-in-stolen-weapons charge. In her written plea, Williams stated: "I knew my common law husband had stolen a firearm, and I took consideration and favors not to disclose it to police, I also hid the stolen firearm and lied to the police." The plea agreement did not contain an agreement as to sentencing. The court accepted the plea and ordered a records check be completed before the sentencing hearing.

At the sentencing hearing, the prosecutor asked the court to order a jail sentence of 240 days and the minimum fine of $625, with both suspended. The prosecutor also claimed a deferred judgment was not warranted:

> On behalf of the State, we don't necessarily think another deferred judgment would be appropriate in this case. That is just due largely to the death investigation—basically being involved in a death investigation, particularly frustrating, of course, to law enforcement under all the circumstances. But we do think that a suspended jail time would be appropriate.

Defense counsel argued a deferred judgment was appropriate, claiming when Williams took the gun and lied to the police about taking it she was acting irrationally due to having been through "a very extreme" event—seeing her boyfriend shoot himself. Counsel also claimed Williams's history[2] does not show

---

[2] The record check showed some minor infractions. Williams received a deferred judgment in 2010 for possession of a controlled substance. In 2012 she was convicted of operating while intoxicated, and in 2013 she was convicted of having an open container.

"a pattern of doing things like this." Noting Williams's successful completion of probation on her prior deferred judgment, counsel claimed Williams had shown she could be successful on probation. Counsel also pointed out a conviction might affect Williams's ability to find employment due to the fact the name of the offense might cause future employers to assume Williams had been convicted of a felony even though her crime was an aggravated misdemeanor. Counsel concluded that her young age of twenty-nine years and the "very unusual extreme circumstance" of the shooting made a deferred judgment appropriate. Williams apologized to the court for her actions.

The court sentenced Williams to 180 days in jail and ordered her to pay the minimum fine of $625. The court suspended both the jail term and the fine, placed Williams on probation for one year, and ordered her to undergo a substance abuse evaluation. The court explained its reasons for the sentence:

> I have considered the matter carefully—obviously, the nature of the offense, as counsel pointed out, troubles me. I looked at Ms. Williams' history. I did note she has a prior deferred for possession and an OWI. Most of the rest of the criminal history . . . were citations—fairly minor offenses. Nonetheless, under the complete circumstances here, the court doesn't feel a deferred is appropriate.
> . . . .
> The reasons for the sentence are your rather minor criminal history, for you own reform and rehabilitation, the nature of the offense. Obviously, the court gave some weight to the fact that you had a prior deferred [judgment].

Williams now appeals.

## II. Standard of Review

Our review of a district court's sentence is limited to the correction of legal error. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). When the

sentence imposed falls within the statutory limits, we review for an abuse of discretion. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). "An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

**III. Merits**

Williams contends the district court abused its discretion in denying her request for a deferred judgment. She claims the sentence imposed was not a product of the court's discretion but "it appears the court applied a fixed sentencing policy," a policy "aimed to protect the police from the inconvenience of dealing with witnesses who are not always truthful." She also claims the reasons articulated were too vague and unclear.

A sentencing court must examine "all pertinent information" and then determine which authorized sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. The court is required to state on the record its reasons for imposing a particular sentence. *Barnes*, 791 N.W.2d at 827. The court's reasons need not be detailed, but the court must provide at least a cursory explanation to allow for appellate review of the discretionary action. *Id.*

We find no merit to Williams's challenges and conclude the sentencing court reasonably considered the mitigating factors cited by Williams and nevertheless declined to defer judgment in light of the totality of circumstances.

The district court acted within its discretion to deny Williams's request for deferred judgment and to impose a suspended sentence. The court based its sentence on the nature and circumstances of the offense, Williams's prior record, and reform and rehabilitation goals. The penalty imposed by the sentencing court was not as harsh as the sentence the State had requested nor as lenient as the sentence proposed by Williams. We do not find the sentence to be clearly unreasonable or based upon untenable grounds, but instead a sound exercise of the court's discretion. *See State v. Liddell*, 672 N.W.2d 805, 815 (Iowa 2003) (finding the court's statements did not show a policy against granting deferred judgments); *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) (stating a court's "task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds"). Accordingly, we affirm.

**AFFIRMED.**